## John Rea and William Salisbury v. The People, etc., for the Use of School District No. 3.

1. SCHOOLS—*Expenditure of School Moneys.*—Where a well of water is a necessity at a school house, the action in good faith of two of a board of three directors in constructing such a well, and paying for it out of the school fund, at a reasonable cost, and a failure to cause their action in the matter to be entered upon the records of the proceedings of the board or to notify the other director, does not in fact cause the funds of the district to sustain any such loss as will render such directors so acting liable for the amount so expended.

**Action to Recover Money Illegally Expended.**—Trial in the Circuit Court of Hancock County, on appeal from a justice of the peace; the Hon. JOHN A. GRAY, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendants. Heard in this court at the May term, 1899. Reversed with a finding of facts. Opinion filed September 20, 1899.

SCOFIELD, O'HARRA & SCOFIELD and SHARP & BERRY BROS., attorneys for appellants.

LEMMON & MCMAHAN, D. MACK & SON and W. D. HIBBARD, attorneys for appellees.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

This was a suit brought by the appellees against the appellants, who were two of the directors of School District No. 3, in township 6 north, range 7, west of the 4th principal merid-

ian, in Hancock county, Illinois, to recover the sum of $15.60, claimed to have been lost to the school funds of that district, by reason of the appellants, as such directors, having caused a well to be dug upon the school house lot of that district, and paying that sum of money therefor, without first having complied with the provisions of Chap. 122 of our Statutes, entitled "Schools," which was enacted "to establish and maintain a system of free schools" in this State.

This suit was commenced and first tried before a justice of the peace of Hancock county, and then taken by appeal to the Circuit Court of that county, where a trial was had by jury and a verdict and judgment rendered in favor of the appellee for the sum of $15.70. The Circuit Court gave a peremptory instruction to the jury to find the verdict which they rendered in the case.

The appellants bring the case to this court and urge us to reverse that judgment on the ground that the Circuit Court improperly and erroneously instructed the jury to find a verdict which is contrary to the law and evidence in the case.

The evidence shows that the appellants, as two of the directors of said school district, caused one Ranson Sherman to put a well upon the school house lot of the district, and paid him the sum of $15.70 therefor, which was a reasonable price; and that such well was a necessity, because there was none at that place, and water for the children attending school there, had to be brought from a private well sixty-two rods distant, it being the nearest well or other place, to the school house, from which such water could be obtained.

The appellants paid Sherman for this well by giving him an order upon the funds of the district in the hands of the school treasurer of said township, who paid the same.

The record of the proceedings of the board of directors of this school district, shows that the well was not ordered to be dug and paid for out of the funds of the district, at any regular or special meeting held by the directors, or any two of them, at any time before it was so ordered and

paid for. And it also appears from the evidence that W. T. Whitcomb, the third director of the district, had no notice of any meeting held by appellants, at which the well was ordered dug and paid for by the order on the funds of the district.

The contention of the counsel for the appellee is, that because the appellants failed to notify the other director that they were going to have the well dug and pay for the same out of the funds of the school district, and failed to cause a record to be made of their actions in this matter, they were guilty of violating the following provisions of Chapter 122, Starr & Curtis' Ill. Statutes (1896), to wit:

"Sec. 137. The clerk of such board of directors shall keep a record of all the official acts of the board in a well bound book provided for that purpose, which record shall be signed by the president and clerk. * * *

Sec. 138. The board of directors shall hold regular and special meetings at such times as they may designate; and they may hold special meetings as occasion may require, at the call of the president or any two members.

Sec. 139. No official business shall be transacted by the board except at a regular or special meeting."

And they are therefore liable under the following provision of that chapter, to wit:

" Sec. 285. County superintendents, trustees of schools, directors and township treasurers, or either of them, or any other officer having charge of school funds or property shall be pecuniarily responsible for all losses sustained by any county, township or school fund, by reason of any failure on their part to perform the duties required of him or them by the provisions of this act, or by any rule or regulation authorized to be made by the provisions of this act; and each and every one of the officers aforesaid, shall be liable for any such loss sustained as aforesaid, and the amount of such loss may be recovered in a civil action brought in any court having jurisdiction thereof, at the suit of the State of Illinois, for the use of the county, township or fund injured; the amount of the judgment obtained in such suit shall, when collected, be paid to the proper officer for the benefit of said county, township or fund injured."

While we think it is true, that the business of school districts in this State ought to be transacted by its board of

directors in the manner pointed out by our statute, and that the appellants in this case ought to have contracted and paid for the well in question at some regular or special meeting, and caused a record of their action in the matter to be made in the book of the district in which the proceedings of the board of directors are required to be kept, and that the third director ought to have been notified of the proposed action of the appellants in causing the well to be dug and paid for as it was before the same was done, so he could have had an opportunity to participate therein, yet we are unable to say that the appellants, by having the well dug and paying for the same in the manner shown, have occasioned such a loss to the funds of the district as is intended to be provided against by paragraph 285, quoted above.

This well was certainly a necessity at the school house, where school must be in session for six months or more each year, as there was no other well or place to get water for the children attending school in this district, nearer to the school house than a private well which was sixty-two rods distant, so that the expenditure of the necessary sum of money from the funds of the district to put a well upon its school house lot was a proper one to be made by the directors of the district under such circumstances, and when the appellants provided such well, at a cost to that fund which was no more than necessary, and it appearing that in so doing they acted in good faith, we are of the opinion that their failure to cause their action in the matter to be entered upon the record of the proceedings of the board of directors of the district, or to notify the third director so he could participate in having the well dug and paid for, did not in fact cause the funds of the district to sustain any such loss as would render the appellants liable for the amount so expended therefrom, because the funds of the district were lawfully chargeable with an expenditure regularly made for procuring the well if it had been incurred in the manner provided by the statute, and the fact that it was incurred and paid in the irregular manner shown, did not produce

in fact such a loss to that fund as would render directors and the other officers named in paragraph 285, above quoted, pecuniarily responsible therefor, under the provisions thereof.

We do not want to be understood, however, as deciding that school directors in this State and other officers named in the statute, are justified in expending the school funds in their charge. in any other manner than that prescribed by the statute, but as only deciding that the pecuniary liability of directors and the other officers named in paragraph 285 is limited by the terms thereof, to losses sustained by such fund, by reason of the failure of directors and other officers named to perform the duties required of them by the provisions of the act of which it is a part.

Being of the opinion that the appellants are shown by this record not to be liable to the appellee upon the demand sued upon in this case, we reverse the judgment of the Circuit Court herein.

Judgment reversed with special finding of facts.

The clerk of this court will enter the following finding of facts as a part of the judgment of this court in the above cause:

The court finds that the school fund belonging to school district number three (3), in township number six (6) north, range number seven (7), west of the fourth (4th) principal meridian, in Hancock county, Illinois, sustained no loss by reason of the appellants, as school directors of that district, having a well dug and walled up upon the school lot of the district and causing the sum of $15.70 to be paid therefor, out of the funds of that district, without causing their actions in that matter to be entered upon the records of the proceedings of the directors of that district, as the well was necessary, the amount paid therefor reasonable, and the cost thereof a proper charge upon the funds of that district.